UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JESSIE J. BARNES,

                                       Plaintiff,                  9:18-CV-0310
                                                                       (DNH/ATB)

    v.

ANTHONY J. ANNUCCI,

                                       Defendant.

---

APPEARANCES:

JESSIE J. BARNES
09-B-2707
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2000
Malone, NY 12953

DAVID N. HURD
United States District Judge

## DECISION and ORDER

This action was commenced upon the receipt from pro se plaintiff Jessie J. Barnes ("Barnes" or "plaintiff") of a one-page letter to the court, together with a civil cover sheet, and a "Notice of Lawsuit and Request to Waive Service of a Summons."  See Dkt. No. 1.[1]

Barnes, who is confined in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Upstate Correctional Facility ("Upstate C.F.") and has not paid the filing fee for this action, seeks leave to proceed in forma pauperis.  Dkt. No. 2.

Barnes states in his letter that he is preparing a complaint against numerous defendants ("anywhere from 30 to 65") which will be supported by exhibits which may exceed

---

[1] This is the ninth civil action filed by plaintiff in the Northern District of New York.

one thousand in number. Dkt. No. 1 at 1. Plaintiff further states that he would like to "leviate [sic] the expenses and burden on [the] court" and asks that he be permitted to serve the complaint and supporting exhibits only the Assistant Attorney General assigned to represent the defendants. *Id*. Plaintiff also requests leave to serve the complaint (presumably without the exhibits) on DOCCS Acting Commissioner Annucci and Upstate C.F. Supt. Uhler. *Id*. According to plaintiff, it will be "less costly" if these officials notify their subordinates and provide them with copies of the complaint. *Id*.

A civil action is commenced in federal district court "by filing a complaint." Fed. R. Civ. P. 3. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (other citations omitted)).[2]

In addition, where the plaintiff has not paid the filing fee and seeks leave to proceed in forma pauperis, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Upon completion of that review, and assuming that one or more claims survive and require a response, service of the

---

[2] A plaintiff need not set forth in the complaint every interaction and/or conversation he has had with the defendants, nor every fact he hopes to prove should the case proceed to trial. While a plaintiff may submit supporting documents as exhibits to the pleading, those documents will be reviewed only if and to the extent that they are specifically identified and referenced in the complaint.

summons and complaint is then made in accordance with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4.

Because Barnes has not submitted a complaint for review, this action was not properly commenced. In addition, in the absence of a proper pleading and in advance of the Court's review of the sufficiency of plaintiff's claims and application for in forma pauperis status, plaintiff's requests regarding service are premature.

Barnes is advised that if he wants to pursue claims arising out of his confinement in DOCCS custody in an action pursuant to 42 U.S.C. § 1983, he must file a complaint which names one or more defendants and which sets forth a clear and concise statement of his claim(s) against them and the facts he relies on in support of those claims.[3]

Barnes is further advised that his failure to file a signed complaint (and any supporting exhibits) within thirty (30) days of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further order of the Court.

Therefore, it is

ORDERED that

1. If plaintiff desires to pursue this action, he must submit a signed complaint (and any supporting exhibits) **WITHIN THIRTY (30) DAYS** of the filing date of this Decision and Order;

2. Upon plaintiff's compliance herewith, the Clerk shall return the file to this Court for review of the complaint and consideration of plaintiff's application for in forma pauperis status;

---

[3] Plaintiff is advised that only one copy of his pleading (and any supporting exhibits) is required for filing at the outset of an action.

3. In the event plaintiff fails to comply with the terms of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice, without further order of this Court; and

4. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: March 19, 2018
       Utica, New York.

_____
United States District Judge